**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| KIM EDWARD KULICH, | : | MOTION TO VACATE |
| BOP No. 53797-097, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:11-CV-3905-CC-ECS |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NOS. |
|     Respondent. | : | 1:00-CR-506-CC-ECS |

| | | |
|---|---|---|
| KIM EDWARD KULICH, | : | MOTION TO VACATE |
| BOP No. 53797-097, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:11-CV-3906-CC-ECS |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|     Respondent. | : | 1:01-CR-189-CC-ECS |

| | | |
|---|---|---|
| KIM EDWARD KULICH, | : | MOTION TO VACATE |
| BOP No. 53797-097, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:11-CV-3907-CC-ECS |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|     Respondent. | : | 1:01-CR-207-CC-ECS |

**FINAL REPORT AND RECOMMENDATION**

Kim Edward Kulich is an inmate in the Federal Correctional Institution in Estill, South Carolina ("FCI-Estill"). This matter is before the Court on Kulich's consolidated Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence filed in the cases listed in the caption. For the following reasons, the undersigned recommends that Kulich's motion be denied.

Kulich was convicted in 1987 in the Eastern District of California of robbing federally-insured savings and loans and sentenced to a twenty-year term of imprisonment. See United States v. Kulich, No. CR F-87-13-EDP (E.D. Cal. 1987). Kulich spent approximately thirteen years in prison before he was released on parole in November 1999.[1]

Kulich promptly returned to robbing banks. In April, May, and June 2000, Kulich robbed five federally-insured banks, leading to his indictments and convictions in the three criminal cases listed in the caption. In 2001, the Honorable Clarence Cooper conducted a consolidated sentencing proceeding in those three cases and sentenced Kulich to a 150-month term of imprisonment. In 2002, the United States Court of Appeals for the Eleventh Circuit denied Kulich's consolidated appeal. See United States v. Kulich, No. 01-15212-EE (11th Cir. 2002).

---

[1] Kulich acknowledges:

> I spent 13 years at various [f]ederal [prisons.] [D]uring those years I was constantly in trouble: drug use, drug introductions, you name it, I was doing it. I never slowed down as my institutional records show. I was shipped from prison to prison on disciplinary transfers. I made no attempt to change.

[-506 Case Doc. No. 55-2 at 13. See also -189 Case Doc. No. 15-2 at 13 (identical); -207 Case Doc. No. 15-2 at 13 (identical)] (citations hereinafter only to -506 Case).

2

The United States Parole Commission sought a detainer, filing a parole violation warrant application in June 2000 (which it supplemented in December 2002) based on several apparent violations of the conditions of release that were part of Kulich's 1987 Eastern District of California sentence, including the five bank robberies in 2000. [-506 Case Doc. No. 55-2 at 16-20]. The parole violation warrant was not served on Kulich, however, until May 5, 2011 [id. at 21], when he was otherwise scheduled to be released from prison under the 150-month Northern District of Georgia sentence, [id. at 5]. Kulich was held in custody at FCI-Estill. On June 23, 2011, the United States Parole Commission held a parole revocation hearing and revoked Kulich's parole from the twenty-year Eastern District of California sentence. [Id. at 22]. Kulich now has a projected release date of March 8, 2016 [id. at 9], although he remains eligible for parole in the Parole Commission's discretion. [Id.].

Kulich then filed the § 2255 motion now before the Court, complaining that the Parole Commission abused its discretion and violated his due process rights under the Fifth and Fourteenth Amendments by waiting to "resolv[e] outstanding matters for over eleven years," rather than holding a "prompt hearing." [-506 Case Doc. No. 55 at 4-7]. Kulich further complains that he is

3

now being "illegal[ly] incarcerat[ed]" beyond the end of the twenty-year term of his 1987 Eastern District of California sentence (assuming it had run without interruption from 1987-2007). [Id. at 8]. In essence, Kulich argues that the United States was required to serve the probation violation warrant immediately, to revoke his parole immediately (if at all) after becoming aware of the violations of his conditions of release, and to run the balance of his twenty-year Eastern District of California sentence concurrently with, rather than consecutively to, his 150-month Northern District of Georgia sentence.

Unfortunately for Kulich, the United States Supreme Court has addressed these very issues and made it clear that what the United States Parole Commission has done is permissible, even desirable. See Moody v. Daggett, 429 U.S. 78, passim (1976) (holding that there is no constitutional right to speedy service of or a speedy hearing on a federal "parole violator warrant"); see also Carchman v. Nash, 473 U.S. 716, passim (1985) (applying Moody v. Daggett to Interstate Agreement on Detainers). Indeed, the Supreme Court has already weighed and rejected the very arguments that Kulich makes in this case. See Moody v. Daggett, 429 U.S. at 82-89. In explicitly differentiating between "criminal charge detainers" and "parole-violation detainers," the Supreme Court laid out in detail the considerations that

4

underlie that distinction.  See Carchman, 473 U.S. at 732-34.

The following is particularly noteworthy.

> [I]t may often be desirable to delay rather than expedite disposition of the probation violation charge. As the Court explained . . . in the context of parole violations:
>
>> [I]n cases such as this, in which the parolee admits or has been convicted of an offense plainly constituting a parole violation, the only remaining inquiry is whether continued release is justified notwithstanding the violation. This is uniquely a "prediction as to the ability of the individual to live in society without committing antisocial acts." Morrissey [v. Brewer, 408 U.S. 471, 480 (1972)]. In making this prophecy, a parolee's institutional record can be perhaps one of the most significant factors. Forcing decision immediately after imprisonment would not only deprive the parole authority of this vital information, but since the other most salient factor would be the parolee's recent convictions, . . . a decision to revoke parole would often be foreordained. Given the predictive nature of the hearing, it is appropriate that such hearing be held at the time at which prediction is most relevant and most accurate – at the expiration of the parolee's intervening sentence.

Id. at 733 (quoting Moody v. Daggett, 429 U.S. at 89).

In this case, Kulich received the constitutional due process and administrative consideration to which he was entitled, namely a "revocation hearing . . . tendered within a reasonable time after [he was] . . . taken into custody,"

5

Morrissey v. Brewer, 408 U.S. 471, 488 (1976), where the "operative event" that established custody was not the application for a parole violation warrant, but the "execution of the warrant" on him, Moody v. Daggett, 429 U.S. at 87. Nothing more was constitutionally required.

This Court is required promptly to examine § 2255 motions. "If it plainly appears from the motion, any attached exhibits, and the record or prior proceedings, that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. Here, it plainly appears that Kulich is not entitled to relief.

Further, this Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts. A § 2255 movant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a

§ 2255 movant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citations and quotation marks omitted). Kulich has not demonstrated that he has been denied a constitutional right or that the issue is reasonably debatable. Issuance of a certificate of appealability is not warranted in this case.

For the foregoing reasons, the undersigned **RECOMMENDS** that Kulich's consolidated § 2255 motion [-506 Case Doc. No. 55; -189 Case Doc. No. 15; -207 Case Doc. No. 15] be **DENIED** and that each of the three associated civil cases listed in the caption be **DISMISSED**. The undersigned further **RECOMMENDS** that a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED and DIRECTED,** this 30th day of November, 2011.

    s/ *E. Clayton Scofield*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)